FILED IN CHAMBERS
U.S.D.C. Rome

NOV 2 7 2006

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DWIGHT SPENCER,

       Plaintiff,

   v.

UNITED STATES,

       Defendant.

CIVIL ACTION

NO. 4:06-CV-142-RLV

## O R D E R

This is an action seeking to recover taxes that have been paid and seeking to enjoin the government from further collection of unpaid taxes. Several motions are pending before the court.

Since government counsel is authorized to practice law in this court without having to be admitted pro hac vice, 28 U.S.C. § 517, the plaintiff's Objection to Order Dismissing Motion for Defendant's Counsel to Certify Standing in This Court, and Motion for Hearing [Doc. No. 15] are DISMISSED. The plaintiff's Motion to Strike Motion to Dismiss [Doc. No. 17], which is based on the plaintiff's assertion that government counsel is not authorized to practice law in this district, is DENIED. The plaintiff's Motion to Strike Defendant's Motion to Dismiss [Doc. No. 20] is more properly construed as a motion in opposition to the Motion to Strike; consequently, the motion is DISMISSED and will be considered only as a brief. The plaintiff's Objection to Unauthorized Pleadings by Thomas F. Koelbl and Motion for Order to

Strike or Reject Pleadings [Doc. No. 22] are also DENIED since Mr. Koelbl is authorized to appear in this case pursuant to 28 U.S.C. § 517.  *See* Local Rule 83.1A(3), which provides in part: "The requirements of this rule do not apply to those government attorneys who are expressly exempted by statute from a local bar membership. . . ."

The court will now proceed to address the remaining motions: the government's Motion to Dismiss [Doc. No. 13] and the plaintiff's Motion for Injunctive Relief [Doc. No. 16].

The plaintiff failed to file income tax returns for tax years 1995 and 1996.  Consequently, on June 8, 1998, the Internal Revenue Service assessed taxes, late-filing penalties, and estimated tax penalties against him.  The plaintiff made no payments with respect to these assessments and penalties.  Thereafter, on May 7, 2001, and on July 9, 2001, the IRS notified the plaintiff of its intent to levy on his assets.  The IRS then began levying on the plaintiff's social security benefits and his federal retirement benefits from the United States Office of Personnel Management, on October 1, 2001, and has continued to levy on the plaintiff's assets until the present time.  As of August 7, 2006, the plaintiff owed $1682.18 for tax year 1995 and $805.83 for tax year 1996, plus the penalties and interest as provided by law.

In his complaint, the plaintiff alleges that he filed an administrative claim on May 16, 2005, disputed his tax liability on

2

July 29, 2005, requested a refund of all monies collected from him on July 29, 2005, and filed a second administrative claim on September 6, 2005. The IRS denied this second claim on December 5, 2005. On June 22, 2006, the plaintiff filed this action, alleging that the IRS breached its duty in the way that it assessed the unpaid taxes for tax years 1995 and 1996 and also in the way that it handled the various administrative claims submitted by him.

The plaintiff's claims under 16 U.S.C. § 7433 are barred by the statute of limitations contained in that statute, which requires that any action brought under that section "may be brought only within 2 years after the date the right of action accrued." 16 U.S.C. § 7433(d)(3). By its own terms, section 7433 is the "exclusive remedy" when, in connection with the collection of federal taxes, "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a).

Although section 7433 does not itself define when a cause of action accrues, the regulations promulgated thereunder provide that a cause of action accrues "when the taxpayer has had reasonable opportunity to discover all the essential elements of a cause of action." 26 C.F.R. § 301.7433-1(g)(2).

This court holds that a cause of action under section 7433 accrues, at the latest, at the time the IRS files a notice of

3

federal tax lien against a taxpayer.  *See* Johnson v. United States, 188 F.R.D. 692 (N.D. Ga. 1999).   In this case, the plaintiff's cause of accrued on  October 1, 2001.  Since this action was filed more than two years after that date, any claim under section 7433 is barred.

To the extent that the plaintiff seeks an injunction against the IRS, such action is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421.

To the extent that the plaintiff seeks a refund of taxes paid, that claim is also barred because a taxpayer may not seek a refund in district court until he has paid all of the taxes assessed, including interest and penalties.  26 U.S.C. § 7422(a).  Since the plaintiff has not fully paid the taxes due for tax years 1995 and 1996, he is barred from seeking a refund in this court.

For the foregoing reasons, the government's Motion to Dismiss [Doc. No. 13] is GRANTED; the plaintiff's Motion for Injunctive Relief [Doc. No. 16] is DENIED.

SO ORDERED, this **27TH** day of November, 2006.

Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge